IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ADRIAN JONES, #309040, <br> Plaintiff | * | |
| | * | |
| v. | | CIVIL NO. L-06-808 |
| | * | |
| CHRISTOPHER DABOLA, et al., <br> Defendants. | * | |

******

## MEMORANDUM

The above referenced case is a civil rights complaint filed pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court will GRANT Defendants' Motion to Dismiss and DISMISS the complaint with prejudice.

**I.     BACKGROUND**

Plaintiff Adrian Jones ("Jones") is a state prisoner.  In this suit against prison officials, he complains that he was kept on the segregation tier for a week past the expiration of his disciplinary segregation sentence. (Docket No. 1).  Defendants concede that Jones was not moved off of the segregation tier when his initial segregation time expired because there was no suitable housing for him. (Docket No. 9).  Now pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 9).  Jones has filed an brief in opposition.  (Docket No. 10).

**II.    STANDARD**

Ordinarily, a complaint should not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support

1

of its claim that entitle it to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim.  In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).  In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

**III.   ANALYSIS**

The Court will first examine Jones's claim that he was deprived of a liberty interest without being afforded procedural due process.  The analysis to be applied is whether a constitutionally protected liberty interest is at stake, and, if so, what due process protections are required.  See Wolff v. McDonnell, 418 U. S. 539 (1974).

Under Sandin v. Conner, 515 U.S. 472 (1995), the Court focused attention on the nature of the deprivation alleged, stating that a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.  Thus, the due process inquiry concentrates on the nature of the deprivation alleged and not on the language of particular prison regulations.  Id.

No liberty interest is implicated when an inmate is placed in segregation. See  Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997); Reffitt v. Nixon, 917 F. Supp. 409, 413 (E.D. Va. 1996).  Placement in a housing unit that provides for a higher degree of prisoner monitoring is not atypical in prison life.  See Hewitt v. Helms, 459 U.S. 460, 468 (1983).  Segregation is not per se cruel and unusual punishment.  In re Five Percenters, 174 F. 3d 464, 471-73 (4th Cir.

1999); Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir. 1984) (segregated protective custody); Ross v. Reed, 719 F.2d 689, 697 (4th Cir. 1983) (administrative segregation).  Thus, Jones's retention on the segregation tier for one week past the expiration of his sentence does not amount to a violation of a constitutionally protected right.

To the extent Jones's complaint can be construed as stating an Eighth Amendment claim it likewise fails.  Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Conditions that are restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society."  Id.[1]

**IV.   CONCLUSION**

Accordingly, the Court shall grant defendants' Motion to Dismiss.  A separate Order follows.

Dated this 18th day of December, 2006.

/s/
Benson Everett Legg
Chief Judge

---

[1] Moreover, "on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions."  Strickler v. Waters, 1375, 1381 (4th Cir.1993).  Plaintiff has not pointed to any injury he suffered as a result of his extra week of confinement on segregation.